**Opinion issued November 15, 2016**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-16-00331-CR

_____

**CORRION MYKEL CHATMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1467853**

---

## MEMORANDUM OPINION

The State indicted Corrion Chatmon for the felony offense of possession of a firearm at a location other than the premises at which Chatmon lived, after being convicted of the felony offense of robbery. *See* TEX. PENAL. CODE ANN. § 46.04 (West 2009). After the trial court denied Chatmon's motion to suppress evidence

seized from his vehicle, Chatmon pleaded guilty and the trial court assessed his punishment at three years' confinement. Chatmon appeals the denial of his motion to suppress, arguing that (1) Chatmon's consent to search the vehicle was invalid because it was the product of an illegal detention; and (2) officers illegally searched Chatmon's cell phone, which tainted his later consent to the search of his vehicle. We affirm.

## BACKGROUND

In May 2014, Deputy Hebert, an employee of the County Sheriff's Office Crime Control Division, was traveling north on Homestead Road. Hebert spotted a vehicle with no front license plate and dark tinted windshield and front side windows. He executed a traffic stop. Hebert asked Chatmon, the driver, for his driver's license and proof of insurance. Chatmon gave Hebert his driver's license and informed Hebert that he did not have proof of insurance because the car was a rental. Hebert checked the tint on the windows and ran a warrant check. The warrant check revealed that Chatmon had a previous charge for unlawfully carrying a weapon, multiple charges for burglary of a motor vehicle, and other misdemeanor and felony cases. But Hebert found no open warrants for Chatmon's arrest.

Hebert issued citations for the offenses of (1) attempted window material—wrong color; (2) affixing light-altering material to the window; and (3) no seat

2

belt—driver. Hebert asked Chatmon if he had any weapons in his vehicle. After Chatmon responded "no," Hebert asked for permission to search Chatmon's vehicle. Chatmon agreed.

Hebert recovered approximately 100 gift cards from the center console and three cell phones. He also found a pair of black gloves, a sling shot, four flashlights, two screwdrivers, and a pair of binoculars. Screwdrivers and binoculars are typically used in the burglary of motor vehicles. Without seeking additional consent, Hebert then searched the contents of Chatmon's cell phone. He discovered numerous photos of random individuals at gas stations. Hebert then continued the search of the vehicle. He found a loaded Glock 27 hidden under the steering column behind the plastic covering.

The trial court overruled Chatmon's motion to suppress evidence of the gun. Chatmon then pleaded guilty and was sentenced to three years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## DISCUSSION

### I. Standard of Review and Applicable Law

A trial court's ruling on a motion to suppress evidence will not be set aside unless there is an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Taylor v. State*, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). We defer to a trial court's determination of

facts supported by the record, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Spight v. State*, 76 S.W.3d 761, 765 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

A traffic stop is a detention and must be reasonable. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). To be reasonable, a traffic stop must have been justified when the person was stopped and the detention must not be longer than necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983); *Davis*, 947 S.W.2d at 245. Once the reason for the stop has been satisfied, police officers may not use the stop as a fishing expedition for unrelated criminal activity. *Davis*, 947 S.W.2d at 243; *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015). An officer may request consent to search a vehicle during or after a completed traffic stop, but the officer may not detain the occupant if consent is refused, unless there is reasonable suspicion of some criminal activity. *Levi v. State*, 147 S.W.3d 541, 544 (Tex. App.—Waco 2004, pet. ref'd); *Spight*, 76 S.W.3d at 768; *Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

## II. Analysis

### A. Length of the Detention

Chatmon contends that the police unlawfully extended the traffic stop by asking to search the vehicle after the stop had been completed. Chatmon cites *Chavez-Villarreal* and *Portillo-Aguirre* as persuasive authority that police may not request consent to search a vehicle after a completed traffic stop. *See United States v. Chavez-Villarreal,* 3 F.3d 124, 128 (5th Cir. 1993); *United States v. Portillo-Aguirre*, 311 F.3d 647, 659 (5th Cir. 2002). In each of these cases, however, reasonable suspicion did not support the stop. *See Chavez-Villarreal,* 3 F.3d at 127 (officer did not have reasonable suspicion to execute traffic stop or continue detention); *Portillo-Aguirre*, 311 F.3d at 650 (bus was routinely stopped at immigration checkpoint; passenger presented proof of immigration status and agent nevertheless extended detention and asked to search bag containing narcotics). In contrast, in this case, Deputy Hebert had reasonable suspicion to conduct a traffic stop because the tint on the vehicle's windows violated traffic law, and Chatmon did not present proof of insurance; thus, the detention was legal. *See Magana v. State*, 177 S.W.3d 670, 673 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Levi*, 147 S.W.3d at 544; *Spight*, 76 S.W.3d at 768; *Simpson*, 29 S.W.3d at 328. The detention was not prolonged, as Deputy Hebert asked for consent after checking information about the vehicle and Chatmon's criminal history and issuing

5

citations. *Caraway v. State*, 255 S.W.3d 302, 308 (Tex. App.—Eastland 2008, no pet.)**;** *Spight*, 76 S.W.3d at 768. We hold that the trial court did not abuse its discretion in denying Chatmon's motion to suppress on the basis that the deputy unlawfully prolonged the traffic stop when he requested consent to search the vehicle.

### B.     Taint of the Cell Phone Search

Chatmon further argues that the search of his cell phone was illegal and unreasonably delayed his detention and tainted his consent to search the vehicle. An officer may not search the contents of a cell phone absent specific consent to search the phone, a warrant, or probable cause to search it. *Riley v. California*, 134 S. Ct. 2473, 2485 (2014). Nothing in the cell phone search, however, contributed to Deputy Hebert's discovery of the weapon behind the steering column. In addition, Chatmon had already consented to the search of the vehicle before the deputy searched the cell phone; thus, the cell phone search did not prompt the consent to search the car. Because the cell phone search did not affect Chatmon's consent to search the vehicle, which led to the discovery of the weapon, the deputy's search of the phone does not vitiate Chatmon's consent to the search of his vehicle. *See Wehrenberg v. State,* 416 S.W.3d 458, 468 (Tex. Crim. App. 2013) (holding that, "if there is no causal connection, then the evidence cannot be said to have been 'obtained' in violation of the law and thus is not subject to

6

exclusion**.**").  Because Chatmon did not restrict or limit his consent to search the vehicle and the search of the cell phone did not contribute to either the consent or the search, the trial court acted within its discretion in concluding that Chatmon's consent to the search was not vitiated by the cell phone search.  *See id.*; *see also Simpson*, 29 S.W.3d at 330 (quoting *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S. Ct. 1801, 1803 (1991) (holding that consent to search authorized search of the trunk absent indication that the consent was more limited).

## CONCLUSION

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).